MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
LEONIDES ROSALES, *individually and on behalf of others similarly situated,*

                        *Plaintiff,*

-against-

TANDOORI TOUCH LLC. (d/b/a TANDOORI TOUCH a/k/a WOK N' TANDOOR a/k/a WOK N' GRILL), BABAR RAJA, SHOAIB S. MUHAMMAD (A.K.A. SHAWN M.), and HASAN SULTAN,

                        *Defendants.*
-----------------------------------------------------------------X

**18-cv-01291**

**FIRST AMENDED COMPLAINT**

    Plaintiff Leonides Rosales ("Plaintiff Rosales" or "Mr. Rosales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Tandoori Touch LLC (d/b/a Tandoori Touch a/k/a Wok N' Tandoor a/k/a Wok N' Grill) ("Defendant Corporation"), Babar Raja, Shoaib S. Muhammad (a.k.a. Shawn M.), and Hasan Sultan ("Individual Defendants") (collectively, "Defendants"), alleges upon information and belief as follows:

**<ins>NATURE OF ACTION</ins>**

    1.    Plaintiff Rosales was an employee of Defendants Tandoori Touch LLC (d/b/a Tandoori Touch a/k/a Wok N' Tandoor a/k/a Wok N' Grill), Babar Raja, Shoaib S Muhammad (a.k.a. Shawn M.), and Hasan Sultan, who own or owned and operate or operated "Tandoori Touch".

2. "Tandoori Touch" was an Asian restaurant owned by Babar Raja, Shoaib S Muhammad (a.k.a. Shawn M.), and Hasan Sultan which was located at 495 South Broadway, Ste. 18, Hicksville, NY 11801.

3. Upon information and belief, Defendants Babar Raja, Shoaib S. Muhammad (a.k.a. Shawn M.), and Hasan Sultan serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Rosales is a former employee of Defendants.

5. Plaintiff Rosales worked long days as a cook at the restaurant which was located at 495 South Broadway Ste. 18, Hicksville, NY 11801.

6. Plaintiff Rosales regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Rosales appropriately for any hours work, either at the straight rate of pay or for any additional overtime premium.

8. Further, defendants failed to pay Plaintiff Rosales the required "spread of hours" pay for any day in which he worked over 10 hours per day.

9. Defendants' conduct extended beyond Plaintiff Rosales to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales and other employees to work in excess of forty (40) hours

per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Rosales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Rosales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rosales' state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Rosales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Leonides Rosales ("Plaintiff Rosales" or Mr. "Rosales") is an adult individual residing in Queens County, New York. Plaintiff Rosales was employed as a cook by Defendants from approximately September 2014 until on or about January 29, 2018.

16. Plaintiff Rosales consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all times relevant to this complaint, Defendants owned, operated and/or controlled an Asian restaurant located at 495 South Broadway Ste. 18, Hicksville, NY 11801 under the name of Tandoori Touch.

18. Upon information and belief, Defendant Tandoori Touch LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principle place of business at 495 South Broadway Ste. 18, Hicksville, NY 11801.

19. Defendant Babar Raja is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Babar Raja is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Babar Raja possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Babar Raja determined the wages and compensation of employees, including Plaintiff Rosales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20. Defendant Shoaib S Muhammad (a.k.a. Shawn M.) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

Defendant Shoaib S Muhammad (a.k.a. Shawn M.) is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Shoaib S Muhammad (a.k.a. Shawn M.) possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Shoaib S Muhammad (a.k.a. Shawn M.) determined the wages and compensation of employees, including Plaintiff Rosales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

21. Defendant Hasan Sultan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Hasan Sultan is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Hasan Sultan possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Hasan Sultan determined the wages and compensation of employees, including Plaintiff Rosales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

22. Defendants operate an Asian restaurant located at 495 South Broadway Ste. 18, Hicksville, NY 11801.

23. Individual Defendants Babar Raja, Shoaib S. Muhammad (a.k.a. Shawn M.), and Hasan Sultan possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Rosales' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rosales, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Rosales, and all similarly situated individuals, and were Plaintiff Rosales' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constituted a single employer of Plaintiff Rosales and/or similarly situated individuals.

28. Upon information and belief, Individual Defendants Babar Raja, Shoaib S. Muhammad (a.k.a. Shawn M.), and Hasan Sultan operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

    (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b)    defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c)    transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Rosales' employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Rosales, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Rosales' services.

31. In each year from 2014 to 2018, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Rosales is a former employee of Defendants, who was employed as a cook.

34. Plaintiff Rosales seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Leonides Rosales*

35. Plaintiff Rosales was employed by Defendants from approximately September 2014 until on or about January 29, 2018.

36. At all relevant times, Plaintiff Rosales was employed by Defendants to work as a cook.

37. Plaintiff Rosales regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

38. Plaintiff Rosales' work duties required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Rosales regularly worked in excess of 40 hours per week.

40. From approximately September 2014 until on or about January 29, 2018, Plaintiff Rosales worked from approximately 11:00 a.m. until on or about 10:00 p.m. or 10:15pm Mondays, Wednesdays and Thursdays, from approximately 11:00 a.m. until on or about 10:30 pm or 10:45 p.m. Fridays and Saturdays and from approximately 11:00 a.m. until on or about 10:30 p.m. on Sundays (typically 67.5 to 68.75 hours per week).

41. Throughout his employment with defendants, Plaintiff Rosales was paid his wages in cash.

42. From approximately September 2014 until on or about January 29, 2018, defendants paid Plaintiff Rosales a flat weekly salary of $750.00 per week.

43. However, Defendants did not pay Plaintiff Rosales for 24 days of work ($3,000 in unpaid wages).

44. Plaintiff Rosales' wages did not vary regardless of how many additional hours he worked in a week.

45. In fact, Defendants regularly required Plaintiff Rosales to work up to 45 minutes past his scheduled departure time without compensating him for the additional time they required him to work.

46. Defendants never granted Plaintiff Rosales any breaks or meal periods of any kind.

47. Plaintiff Rosales was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. Defendants did not provide Plaintiff Rosales with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

49. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Rosales regarding wages as required under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Rosales with each payment of wages a statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Rosales, in English and in Spanish (Plaintiff Rosales' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. Defendants regularly required Plaintiff Rosales to work in excess of forty (40) hours per week without paying him the required minimum wage, spread of hours pay and overtime compensation.

53. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum and overtime compensation, as required by federal and state laws.

54. Defendants paid Plaintiff Rosales all of his wages in cash.

55. Plaintiff Rosales was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants habitually required Plaintiff Rosales to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

57. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rosales by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Rosales a fixed weekly salary regardless of the number of hours he worked each week.

60. Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Rosales with statutorily required wage and hour records or statements of his

pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Rosales' relative lack of sophistication in wage and hour laws.

61. Defendants also failed to provide Plaintiff Rosales with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Rosales' relative lack of sophistication in wage and hour laws.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rosales (and similarly situated individuals) worked, and to avoid paying Plaintiff Rosales properly for his full hours worked, including minimum wage, overtime compensation and spread of hours pay.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rosales and other similarly situated current and former employees.

65. Defendants failed to provide Plaintiff Rosales and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employers; address and phone number of employers; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Rosales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employers; the name of the employers; any "doing business as" names used by the employers; the physical address of the employers' main office or principal place of business, and mailing addresses if different; and the telephone numbers of the employers, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67. Plaintiff Rosales brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Tandoori Touch (the "FLSA Class").

68. At all relevant times, Plaintiff Rosales and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Rosales' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

69. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Rosales's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Rosales (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75. Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Rosales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77. Plaintiff Rosales repeats and re-alleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of the FLSA, failed to pay Plaintiff Rosales (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

79. Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Rosales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

81. Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Rosales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rosales (and the FLSA Class members), controlled terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

83. Defendants, in violation of the NYLL, paid Plaintiff Rosales (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

84. Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Rosales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF

## THE NEW YORK STATE LABOR LAWS

86. Plaintiff Rosales repeats and re-alleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Rosales (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

88. Defendants failed to pay Plaintiff Rosales (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

89. Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Rosales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

91. Plaintiff Rosales repeats and re-alleges all paragraphs above as though fully set forth herein.

92. Defendants failed to pay Plaintiff Rosales (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rosales' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

93. Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) an additional hour's pay for each day Plaintiff Rosales' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

94. Plaintiff Rosales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiff Rosales repeats and re-alleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiff Rosales with a written notice, in English and in Spanish (Plaintiff Rosales' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97. Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

98. Plaintiff Rosales repeats and re-alleges all paragraphs above as though set forth fully herein.

99. Defendants did not provide Plaintiff Rosales with wage statements upon each payment of wages, as required by NYLL 195(3).

100. Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

101. Plaintiff Rosales repeats and realleges all paragraphs above as though set forth fully herein.

102. Defendants did not pay Plaintiff Rosales on a regular weekly basis, in violation of NYLL §191.

103. Defendants are liable to Plaintiff Rosales in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rosales respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosales and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosales and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rosales' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Rosales and the FLSA class members;

(f) Awarding Plaintiff Rosales and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits

taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Rosales and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosales and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosales and the members of the FLSA Class;

(j) Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rosales;

(k) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Rosales' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Rosales and the members of the FLSA Class;

(m) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Rosales and the FLSA Class members;

(n) Awarding Plaintiff Rosales and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL, as applicable;

(o) Awarding Plaintiff Rosales damages for Defendants' violation of the NYLL

notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Rosales and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Rosales and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff Rosales and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rosales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
July 31, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*
By:     Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff*