**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LEONIDES ROSALES, *individually and on behalf of others similarly situated*,

                              18-cv-01291-DRH-GRB

              *Plaintiff*,

-against-

TANDOORI TOUCH LLC. (d/b/a TANDOORI TOUCH a/k/a WOK N' TANDOOR a/k/a WOK N' GRILL), BABAR SHARIF, SHOAIB S. MUHAMMAD (A.K.A SHAWN M.) and HASAN SULTAN

              Defendants.
-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

Plaintiff Leonides Rosales ("Plaintiff"), by his attorneys Michael Faillace & Associates, P.C., respectfully submits this memorandum of law in support of his motion for default judgment against Defendants Tandoori Touch LLC (d/b/a Tandoori Touch a/k/a Wok N' Tandoor a/k/a Wok N' Grill), Shoaib S. Muhammad (a.k.a Shawn M.) Hasan Sultan, and Babar Sharif (collectively, "Defendants").

## STATEMENT OF FACTS

The following facts are taken from the declaration of Leonides Rosales dated November 30, 2020, submitted in support of Plaintiff's motion for a default judgment ("Rosales Dec."), the declaration of Michael Faillace ("Faillace Dec.") and the docket in this action.[1]

Plaintiff commenced this action by filing the Complaint (and associated documents) on February 28, 2018. Dkt. No. 1. Plaintiff then filed a Second Amended Complaint on December 20, 2019. Dkt No. 26. This is an action for unpaid minimum and overtime wages, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*, the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. *See generally*, Dkt. No. 26. The Court has subject matter jurisdiction of the Plaintiff's federal claims pursuant to 29 U.S.C. §§ 201, *et seq.* (FLSA) and 28 U.S.C. § 1331 (federal question), and jurisdiction over the New York state law claims (such as the NYLL) under 28 U.S.C. § 1367(a) (supplemental jurisdiction). Dkt. No. 26, ¶ 13.

All Defendants were served with process on February 03 & February 04, 2020 Dkt. No's. 28, 29, 30 & 32. Certificates of default were entered against Defendants on July 06, 2020. Dkt. No. 35, 36, 37 & 38.

---

[1] The exhibits attached to the Faillace Dec. shall hereinafter be styled as "**Ex. ____.**"

Defendants owned and operated a restaurant located at 495 South Broadway Ste. 18, Hicksville N.Y. 11801. Dkt. No. 26, ¶¶ 2, 18; Rosales Dec. ¶ 3. Plaintiff is a former employee of Defendants. Dkt. No. 1, ¶¶ 1, 34 Rosales Dec. ¶ 3. Defendants had the power to hire and fire Plaintiff, controlled Plaintiff's terms and conditions of employment, and determined the rate and method of Plaintiff's compensation. Dkt. No. 26, ¶ 30 Rosales Dec. ¶ 3.

Plaintiff and Defendants' other employees regularly handled items in interstate commerce, such as food and other supplies produced outside the State of New York. Dkt. No. 26, ¶ 37 Rosales Dec. ¶ 7. In each year from 2014 to 2018, Defendants, both separately and jointly, had an annual gross volume of sales of at least $500,000. Dkt. No. 26, ¶ 31.

*Plaintiff Leonides Rosales*

Plaintiff was employed by Defendants from approximately September 2014 until on or about January 29, 2018. Dkt. No. 26, ¶¶ 15, 35 Rosales Dec. ¶ 4. Throughout his employment with Defendants, Plaintiff was employed as a cook. Dkt. No. 26, ¶¶ 5, 33, 36 Rosales Dec. ¶ 5. Plaintiff's work required neither discretion nor independent judgment. Dkt. No. 26, ¶ 38 Rosales Dec. ¶ 6.

From approximately September 2014 until on or about January 29, 2018, Plaintiff worked from approximately 11:00 a.m. until on or about 10:00 p.m or 10:15 p.m. Mondays, Wednesdays, and Thursdays, from approximately 11:00 a.m. until on or about 10:30 p.m. or 10:45 p.m., on Fridays and Saturdays and from approximately 11:00 a.m. until on or about 10:30 p.m. on Sundays (typically 67.5 to 68.75 hours per week). Dkt. No. 26, ¶ 40 Rosales Dec. ¶ 9.

Throughout his employment, Defendants paid Plaintiff his wages in cash. Dkt. No. 26, ¶ 41 Rosales Dec. ¶ 10. From approximately September 2014 until on or about January 29, 2019, Defendants paid Plaintiff $750 per week. Dkt. No. 26, ¶ 42 Rosales Dec. ¶ 11. Plaintiff's pay did

not vary even when he was required to stay late or work a longer day than his usual schedule. Dkt. No. 26, ¶ 47 Rosales Dec. ¶ 13.

Defendants never provided Plaintiff with any document or other statement accurately accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked. Dkt. No. 26, ¶ 51 Rosales Dec. ¶ 20. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL. Dkt. No. 26, ¶ 50 Rosales Dec. ¶ 18. Defendants did not give any notice to Plaintiff, in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information required by NYLL § 195(1). Dkt. No. 26, ¶ 51 Rosales Dec. ¶ 17.

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted). Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declaration attached hereto establish Plaintiff's right to default judgment.

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a

3

hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $368,603.24, plus attorneys' fees.

a.  <u>Plaintiff is Entitled to Recover Unpaid Minimum and Overtime Wages</u>

At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4.

The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004).

Here, Plaintiff was not paid at the minimum wage rate, nor was he paid at overtime at the rate of one-and-a-half times their regular rate. To determine the Plaintiff's unpaid minimum wages, Plaintiff's regular rate is determined by dividing his weekly salary by 40 hours. Plaintiff is owed $137,636.72 in unpaid minimum and overtime wages. *See* **Ex. A**.

b.  <u>Plaintiff is Entitled to Spread of Hours Pay</u>

Plaintiff is also entitled to "spread-of-hours pay under New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; *Angamarcha v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012). As set forth above, Plaintiff regularly worked more than ten hours per day. Plaintiff is entitled to $9,936 in spread of hours pay. *See* **Ex. A**.

    c. <u>Statute of Limitations Under the FLSA and NYLL</u>

Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005) (willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Willfulness is also established when an employer fails to investigate whether its compensation policy was legal. *See Hardrick v. Airway Freights Systems, Inc.*, 63 F. Supp. 2d 898, 904 (N.D.Ill. 1999); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909 (9th Cir. 2003), *aff'd,* 126 S.Ct. 514 (2005) (upholding the three-year statute of limitations because employer was on notice of FLSA requirements but "took no affirmative action to assure compliance" with them).

In the present matter, Defendants were aware, or should have been aware, of the existence of the FLSA and its overtime requirements. However, the Defendants knew or disregarded the fact that their conduct was prohibited by the FLSA. Furthermore, even if the Defendants did not know of the FLSA, the Defendants' actions are still willful because the Defendants failed to

5

investigate whether their compensation policy was legal. *See Hardrick*, 63 F. Supp. 2d at 904. Moreover, the Defendants failed to post the required information concerning the minimum wage laws, paid Plaintiff in cash, and had no system for recording his hours. This deliberate decision to disregard both FLSA and New York law, as well as Defendants' failure to take any affirmative step towards compliance, amount to willfulness for purposes of the FLSA and New York law. *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005)("A failure to pay is 'willful' when the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages")(internal quotations omitted).

As Plaintiff Rosales can establish that Defendants' violation of the FLSA was willful, he is entitled to a three-year limitations period under the FLSA, *i.e.*, starting from February 2015, which is three years from the time the complaint was filed. *See, e.g., Decraene v. Neuhaus (U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836 at *23-*24 (S.D.N.Y. 2005). Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519, at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from February 2012, six years from the filing date.

    d. <u>Plaintiff is Entitled to Liquidated Damages</u>

Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a

6

showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

Likewise, under the NYLL, an employee is also entitled to liquidated damages "equal to one hundred percent of the total of such underpayments found to be due," unless the employer proves a good faith basis for believing he or she was in compliance with the law. N.Y. Lab. Law § 663(1).

Plaintiff is therefore entitled to liquidated damages in the amount of $137,230 for minimum and overtime wage violations, and liquidated damages of $9,936 for his unpaid spread of hours pay. *See* **Ex. A**.

    e. Plaintiff is Entitled to Damages for Violations of Wage Notice and Statement Requirements

Defendants never provided Plaintiff with a wage notice at the start of his employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

    f. Attorneys' Fees and Costs

The FLSA and New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

Plaintiff incurred costs and attorneys' fees in pursuing this action and seek an award of reasonable attorneys' fees and costs. The attorneys' fees and costs total $5,311.40. including a filing fee of $400.00 and fees associated with serving the defendants with the summons and complaint for a total of $1,096.40 in costs.

A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached to the Faillace Dec. as **Ex. B**.

      g.  <u>Additional Damages</u>

Plaintiff is also entitled to an award of prejudgment interest on the minimum and overtime damages at the rate of 9% per annum.

Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## **CONCLUSION**

Based on the foregoing, and the accompanying declarations, Plaintiff should be granted default judgment against the Defendants.

Dated: New York, New York
       November 30, 2020

                                          <u>/s/ Michael Faillace</u>
                                          Michael Faillace, Esq.
                                          MICHAEL FAILLACE & ASSOCIATES, P.C.
                                          One Grand Central Place
                                          60 East 42nd Street, Suite 4510
                                          New York, New York 10165
                                          Tel: (212) 317-1200
                                          Fax: (212) 317-1620
                                          Email: michael@faillacelaw.com
                                          *Attorneys for Plaintiff*